# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| LAVARICE WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 7:22-cv-00839-LSC-NAD |
| TODD HALL, Sheriff, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Lavarice Wilson filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, alleging the Tuscaloosa County, Alabama, indictment charging him with attempted murder and other crimes does not contain his correct name. (Doc. 5). The magistrate judge entered a report on May 22, 2023, recommending that this habeas petition be dismissed without prejudice based on the petitioner's failure to exhaust his state court remedies and pursuant to the *Younger* abstention doctrine.[1] (Doc. 16). Although the magistrate judge advised the parties of their right to file written objections to the report and recommendation

---

[1] At the time he filed this action, the petitioner was detained in the Pickens County Jail, awaiting trial on charges in that county. *See e.g.*, Doc. 16 at 2 n.1. The day after the entry of the report and recommendation in this case, the petitioner pleaded guilty to the Pickens County charges and was transferred to the Tuscaloosa County Jail. *See* Doc. 17. Based on the petitioner's transfer from the Pickens County Jail to the Tuscaloosa County Jail, the Clerk resent the report and recommendation to the petitioner on May 30, 2023. Doc. 17.

within 14 days, no objections have received by the court and the time limitation for filing has expired.

After a *de novo* consideration of the entire record in this action, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation.  The court finds that the respondent's motion for summary dismissal is due to be granted and the amended petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** based on the petitioner's failure to exhaust his state court remedies and pursuant to *Younger v. Harris,* 401 U.S. 37, 46 (1971).

Further, because the petition does not present issues that are debatable among jurists of reason and does not make a substantial showing of the denial of a constitutional right, a certificate of appealability is due to be **DENIED.**  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

A separate Final Judgment will be entered.

**DONE** and **ORDERED** on June 26, 2023.

_____
L. Scott Coogler
United States District Judge

160704